UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>[20] MUSTAFA AHMED MOHAMED ) | No. 3:10-00260<br><br>JUDGE HAYNES |

**MOTION FOR DETENTION**

COMES NOW, the United States of America, by and through the undersigned, and moves to have the defendant, **MUSTAFA AHMED MOHAMED**, detained pursuant to 18 U.S.C. § 3142(f)(1)(B), in that the defendant is charged with an offense for which the maximum sentence is life imprisonment in the following count(s):

A. Count One - conspiracy to violate 18 U.S.C. § 1591(a)(1) in violation of 18 U.S.C. § 1594(c)

B. Count Two - conspiracy to violate 18 U.S.C. § 1591(a)(2) in violation of 18 U.S.C. § 1594(c)

The government moves for detention pursuant to 18 U.S.C. § 3142(f)(2)(A) and (B) as there is a serious risk that the defendant will flee or obstruct justice.

The government further moves for detention as there are no conditions, or combination of conditions which will reasonably assure the defendant's presence in court or the safety of the

community. The Government moves for a continuance of three days in order to prepare for the detention hearing.

A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010). When the United States presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention. id. A presumption in favor of detention imposes only a burden of production on the defendant, and the government retains the burden of persuasion. id. A bail hearing by conducted through proffer by the parties at the discretion of the court. id. at 948, citing with approval United States v. Webb, 238 F.3d 426 (table), 2000 WL 1721060, at *8 (6th Cir.2000) ( "[T]the government may proceed in a detention hearing by proffer or hearsay."); United States v. Smith, 79 F.3d 1208, 1210 (D.C.Cir.1996) ("Every circuit to have considered the matter ... [has] permitted the Government to proceed by way of proffer.").

A defendant satisfies his burden of production when he comes forward with evidence that he does not pose a danger to the community or a risk of flight. id. at 945. The defendant must introduce at least some evidence to rebut the presumption. id. Even when a defendant satisfies his burden of production, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court. The presumption remains as a factor, as it is not simply an evidentiary tool designed for the courts. id. The presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial. id. To rebut the presumption a defendant should "present all the special features of his case" that take it outside "the congressional paradigm. id.

Whether or not the presumption for detention applies, the United States' ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community. In determining whether the government has met that burden of persuasion, the court must consider certain factors:

2

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, ... a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

id. at 946.

An appeal of a detention hearing is governed by Title 18 U.S.C. § 3145, which provides as follows:

(a) Review of a Release Order.— If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—

(1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and

(2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

The motion shall be determined promptly.

(b) Review of a Detention Order.— If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

(c) Appeal From a Release or Detention Order.— An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143 (a)(2) or (b)(2), and who meets the conditions of release set

3

> forth in section 3143 (a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

The plain language of section 3145 dictates that the district court with original jurisdiction over the offense, the prosecuting district, has the authority to entertain the Government's appeal. United States v. Torres, 86 F.3d 1029,1031 (11th Cir. 1996); See also United States v. Evans, 62 F.3d 1233, 1235 (9th Cir.1995) (authority to review magistrate judge's detention order resides with the district court where the prosecution is pending).

The district court may order a stay of an order releasing a defendant pending appeal by the United States. United States v. Stone, 608 F.3d 939, 944 (6th Cir. 2010)(Appellate court, upon motion of government, entered order staying district court's order releasing defendants pending trial); United States v. Bringham, 569 F.3d 220, 230 (5th Cir. 2000)(finding district court had authority to stay order of release pending trial, as to hold otherwise could render the district court's review power illusory); United States v. Torres, 86 F.3d 1029,1030 (11th Cir. 1996)(finding district court had authority under section 3145 to stay magistrate judge's order of release); United States v. Evans, 62 F.3d 1233, 1235 (9th Cir.1995)(approving stay of release order pending appeal).

Other courts, in unpublished decisions, have ordered stays of orders releasing defendants from custody pending trial. *See* United States v. Jackson, 2000 WL 658020, (6th Cir. May 8, 2000)(Government appealed order of release from detention, sought emergency stay of that order, temporary stay granted, and the stay was subsequently extended pending consideration of appeal by 6th Cir.); United States v. Zaghmot, No. 00-1348, 2000 WL 1678396, (10th Cir. Nov. 8, 2000)(stay was granted by district court pending review of magistrate judge's release ruling); United States v. Yu, No. 05-40095, 2008 WL 2435803 (D. Kan. June 12, 2008) (stay of release pending section 3145(a)(1) appeal granted by both magistrate judge and district judge); United States v. Petersen, 557 F.Supp.2d 1124, 1129-30 (E.D.Cal.2008) (stay granted by magistrate judge pending district judge review); United States v. Brown, No. 2-08-106, 2008 WL 2098070, (S.D.Ohio May 16, 2008) (stay of release pending § 3145(a)(1) appeal granted by both magistrate judge and district judge);

4

United States v. Guzman-Baez, No. 07-0797, 2008 WL 1809336, (N.D.Cal. Apr. 18, 2008) (stay granted by magistrate judge); United States v. Colin, 07-512, 2007 WL 4377723, (N.D.N.Y. Dec. 12, 2007) (stay granted by district court after stay request was denied by magistrate court).

The magistrate judge has the authority to enter a stay of its order of release pending appeal. *See* United States v. Yu, No. 05-40095, 2008 WL 2435803 (D. Kan. June 12, 2008) (stay of release pending section 3145(a)(1) appeal granted by both magistrate judge and district judge); United States v. Petersen, 557 F.Supp.2d 1124, 1129-30 (E.D.Cal.2008) (stay granted by magistrate judge pending district judge review); United States v. Brown, No. 2-08-106, 2008 WL 2098070, (S.D.Ohio May 16, 2008) (stay of release pending § 3145(a)(1) appeal granted by both magistrate judge and district judge); United States v. Guzman-Baez, No. 07-0797, 2008 WL 1809336, (N.D.Cal. Apr. 18, 2008) (stay granted by magistrate judge); United States v. Colin, 07-512, 2007 WL 4377723, (N.D.N.Y. Dec. 12, 2007) (stay granted by district court after stay request was denied by magistrate court).

An appeal from the release or detention order of the district court may ultimately be taken to the circuit court of appeals pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3731. United States v. Evans, 62 F.3d 1233, 1235 (9th Cir.1995).

An order of release entered under 18 U.S.C. § 3142 is a mixed question of law and fact and on appeal is reviewed de novo. Stone, 608 F.3d at 939 (6th Cir. 2010).

In cases involving multiple defendants who are not necessarily similarly situated, the dangerousness inquiry must be an individualized one, as each defendant is entitled to an individualized determination of bail eligibility. Stone, 608 F.3d at 946 (6th Cir. 2010).

Respectfully submitted,

JERRY E. MARTIN
United States Attorney for the
Middle District of Tennessee


s/ *Van S. Vincent*
VAN S. VINCENT
Assistant United States Attorney
110 Ninth Avenue South
Suite A-961
Nashville, Tennessee 37203-3870
Telephone: 615/736-5151
